IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CT-3113-FL

| | | |
|---|---|---|
| CHARLES ROBERT BAREFOOT, JR., | ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| KEM PICKETT, et al., | ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the motion for summary judgment (DE # 70) pursuant to Federal Rule of Civil Procedure 56 filed by defendant Sylvester Wilson ("Wilson"). Also before the court is plaintiff's motion to appoint counsel (DE # 68). These matters are ripe for adjudication. For the following reasons, the court grants Wilson's motion for summary judgment and denies plaintiff's motion to appoint counsel.

## STATEMENT OF THE CASE

On October 27, 2006, plaintiff brought this action *pro se* pursuant to 42 U.S.C. § 1983, against Wilson, as well as defendants Kem Pickett, Jimmy Thorton, and John Cornley (collectively, "defendants"). Plaintiff alleged that defendants denied him access to the courts by interfering with his legal mail.[1] Plaintiff also alleged that he was denied access to the courts because defendants failed to comply with N.C. Gen. Stat. §§ 15A-1242 and 15A-1243, and two Sampson County

---

[1] Plaintiff was a pretrial detainee at the time he filed this action.

Superior Court orders dated January 10, 2005, and February 1, 2005, respectively. Plaintiff made several additional unintelligible allegations, which the court dismissed as frivolous on February 13, 2007, pursuant to 28 U.S.C. § 1915.

Defendants failed to answer or otherwise respond to plaintiff's complaint following the court's frivolity review. On June 25, 2007, and October 26, 2007, plaintiff filed motions for entry of default. On November 19, 2007, this court entered an order granting plaintiff's motions, and the Clerk of Court entered default against defendants on November 20, 2007.

On November 10, 2008, plaintiff moved for default judgment. On November 19, 2008, defendants filed a motion to dismiss. On May 13, 2009, this court entered an order setting aside the entry of default against defendants, denied plaintiff's motion for default judgment, and granted in part and denied in part defendants' motion to dismiss. Specifically, the motion was granted as to plaintiff's claim based upon lack of access to a law library, but denied as to his claim based upon alleged interference with legal mail. Finally, the court ordered plaintiff to file a particularized amended complaint.

On June 4, 2009, plaintiff filed an amended pleading in response to this court's May 13, 2009 order to particularize. Plaintiff also filed a motion to appoint counsel and a motion for reconsideration of this court's order setting aside the entry of default. On July 8, 2009, this court entered an order denying plaintiff's motion to appoint counsel and motion for reconsideration. Additionally, the court found that plaintiff's response to this court's order to particularize was unclear. Accordingly, the court allowed plaintiff an additional opportunity to particularize his complaint.

Ultimately, plaintiff submitted his amended pleading on November 2, 2009. On December 14, 2009, the court allowed plaintiff to proceed against Wilson on his legal mail claim. The remaining allegations in plaintiff's amended pleading were dismissed as frivolous.

On March 22, 2010, plaintiff filed an affidavit and declaration. On June 7, 2010, plaintiff filed a motion to appoint counsel. On July 24, 2010, Wilson filed a motion for summary judgment, arguing that plaintiff's claim is without merit. Plaintiff filed a response on August 30, 2010.

**STATEMENT OF FACTS**

On November 18, 2004, the United States of America filed a civil action against Barefoot[2] before Judge Malcolm J. Howard. See United States v. Barefoot, No. 5:04-CV-888-H(2) (E.D.N.C. filed Nov. 18, 2004). In that action, the United States sought declaratory judgment, injunctive relief, and civil fines under the Declaratory Judgment Act, the False Claims Act, and 18 U.S.C. § 1345(a). On April 25, 2005, Judge Howard granted the United States' motion for summary judgment and denied Barefoot's motion to quash the complaint. Judge Howard ordered:

> (a) that all liens, administrative notices, notices of default, and related documents filed by defendant against Judge Terrence W. Boyle, former Attorney General John Ashcroft; U.S. Attorney Frank Whitney, First U.S. Attorney George Holding, Assistant U.S. Attorney Rudy Renfer, Assistant U.S. Attorney James Candelmo, Assistant U.S. Attorney Lora Taylor, and Chief U.S. Probation Officer Robert Singleton, and all other present and former federal officials are declared devoid of any legal effect;
>
> (b) that all such liens, administrative notices, notices of default, and related documents be expunged from the record;

---

[2] The statement of facts discusses plaintiff's involvement in a previous lawsuit. To avoid confusion, the court will refer to plaintiff as "Barefoot" when referring to plaintiff's involvement in the previous lawsuit, United States v. Barefoot, No. 5:04-CV-888-H(2) (E.D.N.C. filed Nov. 18, 2004) (unpublished).

3

(c) that defendant be enjoined from filing any lien, administrative notice, notice of default, or related document in any jurisdiction relating to any present or former federal official, without first obtaining leave of this court; and

(d) that defendant pay the United States's costs in this action.

United States v. Barefoot, No. 5:04-CV-888-H(2), 2005 WL 5117496 at *5 (E.D.N.C. Apr. 25, 2005). Barefoot was also fined twenty thousand dollars ($20,000) pursuant to 18 U.S.C. § 287.

On April 29, 2005, Barefoot filed a notice of appeal. On October 4, 2006, the Fourth Circuit Court of Appeals affirmed the district court's judgment. United States v. Barefoot, 201 F. App'x 934 (4th Cir. 2006) (per curiam) (unpublished). The Fourth Circuit Court of Appeals issued its mandate on November 28, 2006. On November 29, 2006, Barefoot sent Judge Howard a letter in which he requested information regarding the decision of the Fourth Circuit Court of Appeals. On January 11, 2007, Judge Howard responded to Barefoot's letter, informing him that the court of appeals affirmed Judge Howard's decision.

On July 14, 2008, Jonathan Lee Riches ("Riches"), a non-party to the action before Judge Howard, filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24, as well as a motion to reconsider and to amend the complaint. Judge Howard denied Riches' motion on October 16, 2008. United States v. Barefoot, No. 5:04-CV-888-H(2) (E.D.N.C. Oct. 16, 2008).

## DISCUSSION

A. Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel in this case. It is well-established that there is no constitutional right to counsel in civil cases, but that courts may be required to request counsel for *pro se civil* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th

4

Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). Because this case is not complex, and where plaintiff has thus far adequately represented himself before this court, this case does not present exceptional circumstances warranting appointment of counsel. Thus, plaintiff's motion is DENIED.

B.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2.  Analysis

As the basis for his motion for summary judgment, Wilson asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified

5

immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two-pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. ___, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

Plaintiff contends that Wilson's alleged refusal to forward his legal mail resulted in plaintiff missing a filing deadline with respect to his motion for rehearing en banc to the Fourth Circuit Court of Appeals.[3] Plaintiff alleges that this conduct violated his constitutional rights pursuant to the First Amendment to the United States Constitution. It is true that inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam).

---

[3] Plaintiff makes the following allegation: "Plaintiff Barefoot comes NOW that Plaintiff Barefoot did personally give to Defendant Wilson to En Banc respond as well as the 2255 motion Habeas Corpus case that this court has continued not to recognize pursuant to the case U.S. v. Barefoot, 5:02-cr-219-BO in front of several witnesses." (Pl.'s Aff. (DE # 66). The court, however, notes that plaintiff filed a timely section 2255 action in U.S. v. Barefoot, No. 5:02-CR-219-BO-1 (E.D.N.C. May 7, 2004) (unpublished). Accordingly, it appears that plaintiff is stating that he submitted his en banc motion at issue in the instant case at the same time he filed his section 2255 motion.

6

However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Lewis, 518 U.S. at 353.[4]

In this case, plaintiff asserts that his actual injury occurred when he missed the deadline to file his motion for rehearing en banc. A motion for a rehearing en banc is a discretionary appeal. Plaintiff's appeal had already been adjudicated on the merits by the Fourth Circuit, and plaintiff has not presented any evidence to demonstrate that his motion for a rehearing en banc is non-frivolous. Accordingly, the court finds that plaintiff has failed to demonstrate an actual injury due to his alleged lack of access to courts. See, e.g., Hall v. Sec'y for the Dep't of Corrs., 304 F. App'x 848, 850 (11th Cir. 2008) (per curiam) (unpublished) (finding no actual injury in access to courts claim where plaintiff was prevented from filing a timely discretionary appeal).

In addition to failing to show that he was injured by the alleged failure to forward his legal mail, plaintiff does not allege facts or produce evidence sufficient to establish that Wilson violated his constitutional rights. For instance, plaintiff states that he "can not clarify exactly who was responsible for the confiscating or obstruction [of his] incoming or outgoing mail . . . ." (DE # 47 at p. 9.) These allegations do not demonstrate that Wilson intentionally interfered with plaintiff's legal mail, but rather indicate that plaintiff is not certain how his legal mail was handled. A

---

[4] The right to access discussed in Lewis extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Lewis, 518 U.S. at 354-55. The right does not include the right to litigate effectively once in court. Id. at 354.

7

complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Plaintiff has not provided sufficient factual support for his claim that Wilson violated his First Amendment rights by interfering with his legal mail.[5]

Because plaintiff has failed to allege that the handling of his legal mail caused an actual injury or that Wilson intentionally violated his constitutional rights, he fails to state a claim for denial of access to the courts. Therefore, because plaintiff has not alleged a constitutional violation, Wilson is entitled to qualified immunity for this claim.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 68) is DENIED. Wilson's motion for summary judgment (DE # 70) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 1st day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[5] A petition for panel rehearing or rehearing en banc must be filed within forty-five (45) days after the entry of judgment. Fed.R.App.P. 40(a)(1). The court notes that plaintiff filed the instant action before the judgment in United States v. Barefoot, 201 F. App'x 934 (4th Cir. Oct. 4, 2006) (unpublished), was entered on the docket. Plaintiff inquired into the status of his appeal on November 29, 2006, but did not mention his motion for rehearing at that time.

8